UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED BULL NORTH AMERICA, INC. and RED BULL GMBH LIMITED LIABILITY COMPANY,<br><br>   Plaintiffs,<br><br> vs.<br><br>SOHO EAST AVENUE INC., 289 ALEXANDER STREET INC., DAVIS COWDEN INC., 336 DUKES INC., RDCUSE INC., and RONALD A. DAVIS,<br><br>   Defendants. | No. 07-CV-6112T(P) |

**DECLARATION OF KAREN C. MARCHIANO IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER**

  I, Karen C. Marchiano, declare as follows:

  1. I am an associate in the law firm of Sonnenschein Nath & Rosenthal LLP and am licensed to practice law in the State of California and the Commonwealth of Massachusetts. I have been admitted *pro hac vice* for the above-captioned action in the Western District of New York. I am one of the attorneys of record for plaintiffs Red Bull North America, Inc. and Red Bull GmbH Limited Liability Company (collectively, "Red Bull") in the above-captioned action. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify to those facts. I submit this declaration in support of Red Bull's Opposition to Defendants' Motion For Leave to Amend Their Answer.

  2. On February 23, 2007, Red Bull filed its Complaint and Jury Demand in the above-captioned action. A true and correct copy of Red Bull's Complaint and Jury Demand is attached as Exhibit A.

  3. On March 2, 2007, Defendants accepted service of the Complaint.

  4. On April 9, 2007, the Court issued a preliminary injunction order which, among other things, required "that defendants file with the Court and serve on plaintiffs' counsel within

fourteen (14) days after the date of this Order a report in writing and under oath, setting forth in detail the manner in which defendants have complied with this Order."

5. On May 8, 2007, Defendants and Red Bull jointly submitted a Proposed Discovery Plan. The Proposed Discovery Plan included a July 30, 2007 deadline for filing motions to amend the pleadings or add parties. A true and correct copy of the Proposed Discovery Plan is attached as Exhibit B.

6. On May 15, 2007, Defendants filed and served an affidavit, which stated "This affidavit is submitted as required by the Order previously signed by United Stated District Court Judge Michael J. Telesca requiring the Defendants to file with the court and serve upon Plaintiff's counsel a report in writing under oath setting forth in detail the manner in which Defendants have complied with said Order."

7. On May 17, 2007, the Court issued a Scheduling Order, which stated, "All motions to join other parties and to amend the pleadings shall be filed on or before July 30, 2007." The Scheduling Order also stated, "All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure…shall be completed on or before May 18, 2007." A copy of the May 17, 2007 Scheduling Order is attached as Exhibit B to the Attorney's Affidavit by Sarah Snyder Merkel.

8. On May 18, 2007, Red Bull served "Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1)." A true and correct copy of these initial disclosures is attached as Exhibit C.

9. On June 1, 2007, Defendants served "Defendants' Initial Disclosures Pursuant to Rule 26(a)(1)." A true and correct copy of these initial disclosures is attached as Exhibit D.

10. On July 2, 2007, Red Bull served each of the corporate defendants (Soho East Avenue Inc., 289 Alexander Street Inc., Davis Cowden Inc., 336 Dukes Inc. and RDCuse Inc.) with an individual set of interrogatories and an individual set of requests for production of documents. Defendants failed to respond to this discovery until September 14, 2007. Defendants never sought an extension from Red Bull or the court before the August 6, 2007 deadline for responding to this discovery.

11. On a September 25, 2007 telephone call, counsel for Defendants requested that Red Bull produce the documents identified in Red Bull's May 18, 2007 initial disclosures. Prior to September 25, 2007, Defendants never requested that Red Bull produce any documents identified in Red Bull's initial disclosures. If, prior to July 30, 2007, Defendants had requested that Red Bull produce the documents identified in Red Bull's initial disclosures, Red Bull would have produced these documents before July 30, 2007.

12. On September 28, 2007, Red Bull produced documents identified in its initial disclosures, including the documents attached as Exhibits J, K, and L to the Attorney's Affidavit of Sarah Snyder Merkel.

13. On October 24, 2007, I took the deposition of Shawn Groth. A true and correct copy of excerpts of the deposition of Shawn Groth is attached as Exhibit E.

14. On October 24, 2007, I took the deposition of Nicole Garbacz. A true and correct copy of excerpts of the deposition of Nicole Garbacz is attached as Exhibit F.

15. On October 25, 2007, I took the deposition of Steven Pace. A true and correct copy of excerpts of the deposition of Steven Pace is attached as Exhibit G.

16. On October 29, 2007, Red Bull served Plaintiff Red Bull North America, Inc.'s First Set of Requests for Admissions to Defendant Ronald A. Davis. A true and correct copy of these Requests for Admissions is attached as Exhibit H. On November 28, 2007, Defendants served Defendant Ronald A. Davis's Response to Notice to Admit. A true and correct copy of this Response is attached as Exhibit I.

17. Before October 30, 2007, Defendants never served any written discovery.

18. On November 2, 2007, Defendants first provided Red Bull with their proposed amended answer.

19. Before November 8, 2007, Defendants never requested any depositions.

20. On November 13, 2007, Defendants served Defendant 289 Alexander Street, Inc.'s Amended Responses and Objections to Plaintiff Red Bull North America, Inc.'s First Set

of Interrogatories.  A true and correct copy of excerpts of these responses is attached as Exhibit J.

21. On November 13, 2007, Defendants served Defendant 336 Dukes Inc.'s Amended Responses and Objections to Plaintiff Red Bull North America, Inc.'s First Set of Interrogatories. A true and correct copy of excerpts of these responses is attached as Exhibit K.

22. On November 13, 2007, Defendants served Defendant Davis Cowden Inc.'s Amended Responses and Objections to Plaintiff Red Bull North America, Inc.'s First Set of Interrogatories.  A true and correct copy of excerpts of these responses is attached as Exhibit L.

23. On November 13, 2007, Defendants served Defendant Soho East Avenue, Inc.'s Amended Responses and Objections to Plaintiff Red Bull North America, Inc.'s First Set of Interrogatories.  A true and correct copy of excerpts of these responses is attached as Exhibit M.

24. On November 13, 2007, Defendants served Defendant RDCuse, Inc.'s Amended Responses and Objections to Plaintiff Red Bull North America, Inc.'s First Set of Interrogatories. A true and correct copy of excerpts of these responses is attached as Exhibit N.

25. On December 6, 2007, the Court entered an amended scheduling order.  A true and correct copy of this Amended Scheduling Order is attached as Exhibit O.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 14th day of December, 2007 in Boston, Massachusetts.

                                                       /s/ Karen C. Marchiano
                                                          Karen C. Marchiano

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007 I served a true and correct copy of the foregoing document (DECLARATION OF KAREN C. MARCHIANO IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER) via ECF to:

| | |
|---|---|
| Elizabeth Wolford<br>Sarah Merkel<br>Jennifer Neufer<br>The Wolford Law Firm LLP<br>600 Reynolds Arcade Building<br>16 East Main Street<br>Rochester, NY 14614<br>Tel: 585-325-8000<br>Fax: 585-325-8009 | |

          /s/ Karen C. Marchiano
          Karen C. Marchiano

17582586\V-1