UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED BULL NORTH AMERICA, INC. and RED BULL GMBH LIMITED LIABILITY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SOHO EAST AVENUE INC., 289 ALEXANDER STREET INC., DAVIS COWDEN INC., 336 DUKES INC., RDCUSE INC., and RONALD A. DAVIS,<br><br>Defendants. | No. 07-CV-6112T(P)<br><br>CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER |

1. PURPOSES

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation would be warranted. Accordingly, Red Bull North America, Inc., Red Bull GmbH Limited Liability Company, Soho East Avenue Inc., 289 Alexander Street Inc., Davis Cowden Inc., 336 Dukes Inc., Rdcuse Inc., and Ronald A. Davis hereby stipulate to enter this Confidentiality Agreement and Stipulated Protective Order ("Order").

2. DEFINITIONS

    2.1. <u>Party</u>: any party to this action, including all of its/his officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to formal or informal discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: financial, commercial, personal, trade secret, research-related, development-related, planning-related, or other sensitive, proprietary, or confidential information (regardless of how generated, stored or maintained) or tangible things that contain such information.

2.4. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. <u>House Counsel</u>: attorneys who are employees of a Party.

2.11. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. <u>Expert</u>: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and that person's support staff. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition, motion hearing, or in other pretrial or trial proceedings</u>, that any party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Alternatively, within 20 days of receipt of the transcript of the testimony, any Party may designate portions of the testimony as to which protection is sought and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(c)  <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3.  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.  <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.  <u>Meet and Confer</u>. A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or in written communication) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3.  <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation may file and serve a motion that identifies the challenged material

and sets forth the basis for the challenge. Each such motion must be accompanied by a declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g) the author of the document or the original source of the information, so long as disclosure is reasonably necessary for this litigation and this person has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their depositions, witnesses in the action who previously had authorized access to the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information, so long as disclosure is reasonably necessary for this litigation and this person has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.4. <u>Independently Developed Information</u>. If the Receiving Party subsequently independently develops some or all of the information contained in Protected

Materials, without the use of any Protected Materials and without the involvement of any of the persons receiving Protected Materials in this case, then the Receiving Party is thereafter free to use that subsequently developed information so long as: (a) the independent development can be corroborated by adequate documentation; and (b) the independent development does not result from disclosure by a source which was not contractually or legally authorized to make that disclosure.

   7.5. <u>Use of Own Protected Materials</u>. Notwithstanding any provision of this Protective Order, a party may use or disclose its own Protected Materials as it sees fit.

   8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

   If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

   The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.  FILING PROTECTED MATERIAL.

The Receiving Party may not file any Protected Material unless first advising the Designating Party of its intention to do so at least 10 court days prior to the intended filing. The Designated Party will then have until one day prior to the Receiving Party's intended filing date to file an application, pursuant to Local Rule 5.4, to have the Protected Material filed under seal. If there is not a determination from the Court relative to the application prior to the Receiving Party's filing, then the Receiving Party shall file a redacted version of the submission which does not disclose any Protected Material. If the Court grants the Designating Party's application to have the Protected Material filed under seal, the Receiving Party shall re-file its submission with the Protected Material under seal. If the Court denies the Designating Party's application to have the Protected Material filed under seal, then the Receiving Party will re-file an unredacted version of its submission.

11.  FINAL DISPOSITION.

Upon request of the Designating Party, each Receiving Party must destroy or return all Protected Material to the Producing Party after the final termination of this action. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials

contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

    12.    MISCELLANEOUS

        12.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        12.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 4, 2008

                      _____
                      Elizabeth A. Wolford
                      THE WOLFORD LAW FIRM LLP
                      600 Reynolds Arcade Building
                      16 East Main Street
                      Rochester, NY 14614
                      Tel.: (585) 325-8000
                      Fax: (585) 325-8009
                      e-mail: ewolford@wolfordfirm.com
                      Attorneys for Defendants SOHO EAST AVENUE INC., 289 ALEXANDER STREET INC., DAVID COWDEN INC., 336 DUKES INC., RDCUSE INC., and RONALD A. DAVIS

DATED: January 4, 2008

                      _____
                      Michael J. Masino, Esq.
                      HARRIS BEACH PLLC
                      99 Garnsey Road
                      Pittsford, New York 14534
                      Tel. (585) 419-8624
                      Fax: (585) 419-8813
                      mmasino@harrisbeach.com
                      Attorneys for Plaintiffs Red Bull North America, Inc. and Red Bull GmbH Limited Liability Company

                      -and-

>Karen C. Marchiano
>SONNENSCHEIN NATH & ROSENTHAL LLP
>1 International Place, 3rd Floor
>Boston, MA 02110
>Tel. (617) 235-6807
>Fax (617) 235-6899
>e-mail: kmarchiano@sonnenschein.com
>Attorneys for Plaintiffs Red Bull North America, Inc. and Red Bull GmbH Limited Liability Company

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1/8/08      _____/s/ Marian W. Payson_____
>Honorable Marian W. Payson
>United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Agreement and Stipulated Protective Order that was issued by the United States District Court for the Western District of New York on _____ in the case of RED BULL NORTH AMERICA, INC. and RED BULL GMBH LIMITED LIABILITY COMPANY, vs. SOHO EAST AVENUE INC., 289 ALEXANDER STREET INC., DAVID COWDEN INC., 336 DUKES INC., RDCUSE INC., and RONALD A. DAVIS, Case No. 07-CV-6112T(P). I agree to comply with and to be bound by all the terms of the Confidentiality Agreement and Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Agreement and Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing the terms of this Confidentiality Agreement and Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                         [signature]

223141 941516.1